538

**UNITED STATES of America**

v.

**Hanford W. OWENS, trading as A. H. Owens & Son.**

**Crim. No. 24077.**

United States District Court
D. Maryland.

Dec. 5, 1958.

Leon H. A. Pierson, U. S. Atty., and John G. Underwood, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Floyd J. Kintner and William B. Evans, Elkton, Md., for defendant.

THOMSEN, Chief Judge.

Each of the fourteen counts in the information charges that on a particular date in 1954 or 1955 "at Perryville, in the State and District of Maryland Hanford W. Owens trading as A. H. Owens & Son did unlawfully and knowingly deliver certain fresh water fish, to wit, [more than ten] black bass, for transportation from Perryville, in the State and District of Maryland, to Zion Grove, in the State of Pennsylvania, and such transportation was then and there contrary to the laws of the State of Maryland in violation of Section 852, Title 16, United States Code".

Sec. 852 is part of Chapter 13 (Regulation of Interstate Transportation of Black Bass and Other Game Fish) of Title 16 U.S.C.A. (Conservation). Sec. 852 provides in pertinent part:

> "It shall be unlawful for any person to deliver or knowingly receive for transportation, or knowingly to transport, by any means whatsoever, from any State, Territory, or the District of Columbia, to or through any other State, Territory, or the District of Columbia, or to or through any foreign country, any black bass or other fish, if (1) such transportation is contrary to the law of the State, Territory, or the District of Columbia from which such black bass or other fish is or is to be transported, or is contrary to other applicable law, or (2) such black bass or other fish has been either caught, killed, taken, sold, purchased, possessed, or transported, at any time contrary to the law of the State, Territory, or the District of Columbia in which it was caught, killed, taken, sold, purchased, or possessed, or from which it was transported or contrary to other applicable law; * * *"

Chapter 13 applies generally to both live and dead fish, but one section thereof, sec. 855, provides: "Nothing in this chapter shall be construed to prevent the shipment in interstate commerce of

live fish and eggs for breeding or stocking purposes."

The evidence in this case shows that the delivery of the bass in Maryland for transportation to Pennsylvania was contrary to the law of Maryland, Ann.Code, 1951 ed., Art. 66C, secs. 212 and 311(b), as the latter section stood in 1954 and 1955, both before and after it was amended by the Act of 1954, ch. 41. However, the government's evidence also shows without contradiction that the shipment in each case was of live fish for stocking purposes. Sec. 855 excludes such shipments from the crime created by sec. 852.

Defendant's motion for acquittal must be granted. It is so ordered.